Nash, C. J.
 

 The slanderous words used by the defendant, on which the action is brought, are as follows : That the plaintiff had sworn falsely, in a trial before a justice of the peace. It was in evidence that, a judgment had been obtained before a man named Tunnell, against the defendant, on the oath of the plaintiff. The pleas were, the “general issue” and “justification.” There was no evidence that Tunnel was a justice of the peace, further than his acting as such on that occasion.
 

 The defendant objected "that there was no evidence that Tunnell was a legally authorised magistrate, regularly commissioned, and asked the Court so to instruct the jury, which was refused.
 

 Under the plea of not guilty, the sufficiency of the words to sustain the action, necessarily arises. Do the words by the defendant here, amount to the charge of perjury?
 

 Perjury is said, by Lord Coke, to be committed when a lawful oath is administered in some judicial proceeding, to a person who swears falsely, &c., in a matter material to the issue, or point, in question; 3 Ins. 164. In this case, the charge made by the defendant is, that the plaintiff had sworn falsely, in a trial before a justice of the peace. This, then, is a distinct charge of perjury, standing in need of no
 
 ooTLogymm
 
 to make the meaning clear; as much so, as if the word perjury had been used. The words charge the taking of a false oath, before a justice of the peace on a trial. We judioially
 
 *369
 
 know, that justices of the peace are judges to try causes litigated before them, with power to swear witnesses, and that, when engagad in the trial of a cause, they constitute a Court of justice. The words, then, used by the defendant, amounted 'to a direct charge of perjury; of course, it was not at all necessary to prove that Mr. Tunnell was a regularly commissioned justice. If the charge had been that the false oath was taken on a trial, before Joseph C. Tunnell, it would have been necessary for the plaintiff to prove that Tunnell was a regularly commissioned justice ; or that he was in the habit of acting as such, and discharging the duties of the office. The law prescribes no particular form of words to be used in making a slanderous charge. If the words or actions used are such as to convey to the minds of the hearers the intent of the defendant to slander the plaintiff in that particular, it is sufficient;
 
 Studdard
 
 v. Linville, 3 Hawk’s Rep. 474; and the words are to be taken in their ordinary acceptation among those in whose presence they are uttered.
 
 Hamilton
 
 v. Smith, 2 Dev. and Bat. Rep. 274.
 

 Per Curiam. . Judgment affirmed.